BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, State Bar No. 141996
Kurt Micklow, State Bar No. 113974
384 Embarcadero West, Suite 200
Oakland, California 94607
Telephone: (510) 268-6180
Facsimile: (510) 268-6181

Attorneys for Plaintiff MARY HOLZHAUER,
Individually and as the Personal Representative of
HARRY HOLZHAUER (DECEASED)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY HOLZHAUER, Individually ) Case No. CV 13 2862
and as the Personal Representative of )
HARRY HOLZHAUER, DECEASED, ) **COMPLAINT FOR WRONGFUL**
) **DEATH**
Plaintiff, )
) **DEMAND FOR JURY TRIAL**
v. )
)
DAVID P. RHOADES, an Individual, )
and DOES 1-10, Inclusive, )
)
Defendants. )
)
_____ )

COMES NOW Plaintiff MARY HOLZHAUER ("Plaintiff"), Individually and as the Personal Representative of HARRY HOLZHAUER (DECEASED)(hereinafter "Decedent"), and complains of Defendant David P. Rhoades ("Defendant Rhoades") and alleges in this Complaint as follows:

I.

**INTRODUCTORY ALLEGATIONS**

1.   This is a maritime wrongful death claim arising out of a marine casualty which occurred on San Francisco Bay in the territorial waters of the State of California, and the incident

1

COMPLAINT FOR WRONGFUL DEATH                                    CASE NO.

giving rise to this lawsuit had an actual impact on maritime commerce, involved a traditional maritime activity, and therefore is subject to the Admiralty and Maritime Jurisdiction of this Court, 28 U.S.C. §1331 and 28 U.S.C. §1333, and supplemental jurisdiction (pendant and ancillary jurisdiction) pursuant to 28 U.S.C. §1367. This Court also possesses diversity jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332 because this is an action between citizens of different states as set forth more fully below and the matter in controversy exceeds $75,000 exclusive of interest and costs.

2. Decedent died on February 16, 2013 as a result of injuries he suffered while a passenger aboard a recreational vessel owned, operated, controlled and managed by Defendant Rhoades, and while navigating on San Francisco Bay and within the territorial limits of the County of Marin.

3. Plaintiff is and Decedent was a resident of Tigard Oregon at all relevant times herein. Plaintiff appears in and prosecutes this action as the Personal Representative of Decedent and on behalf of all beneficiaries and other individuals who are entitled to compensation under the controlling law. Plaintiff is or will during the pendency of this action be the duly appointed Administrator and Personal Representative of Decedent's estate by order of the Courts of the State of Oregon.

4. Defendant Rhoades is an individual who was and is a resident of the State of California, County of Marin, and was at the time of the accident the legal owner of a certain recreational vessel (The "Rhoades Vessel") involved in the collision with the Golden Gate Ferry SAN FRANCISCO. Plaintiff is informed and believes, and thereon alleges, that the Rhoades Vessel and the Ferry SAN FRANCISCO are, or will be, while this action pending, within this judicial district. Plaintiff does not know the true names and capacities, whether corporate, associate, individual or governmental, of the defendants sued herein under the fictitious names of DOES 1-10, and Plaintiff prays leave to amend this complaint to allege said true names and capacities when ascertained. All such DOE defendants, if any, are residents of the State of California, and none of them are domiciled in the State of Oregon. Plaintiff is informed and believes and thereon alleges

2

COMPLAINT FOR WRONGFUL DEATH                                              CASE NO.

1 | that each of the defendants designated herein as "DOES 1-10" are negligently responsible in some manner for the death of Decedent. At all relevant times, Defendant Rhoades and DOES 1-10, were the agents, servants, employees and/or representatives of each other and were acting within the course and scope of such employment.

5. The Rhoades Vessel was at all relevant times afloat upon the navigable waters of the San Francisco Bay and within the territorial waters of the State of California. At the time of the accident Defendant Rhoades was aboard and at all times in charge of the Rhoades Vessel and was at all times privy to all of Decedent's actions, and at all times made all navigational decisions and course selections, and remained at all times legally responsible for the operation and control of the Rhoades Vessel.

6. At all times herein mentioned, Defendant Rhoades owned, operated, managed, maintained, controlled, chartered and navigated the Rhoades Vessel and at all times herein mentioned, was personally responsible for undertaking and discharging the duties and obligations described herein, and all acts and/or omissions leading to and causing Decedent's death were, in addition to the acts and omissions of the operators of the Ferry SAN FRANCISCO, his personally.

7. The accident during which Decedent died on February 16, 2013 occurred when the Rhoades Vessel was involved in the collision with the Golden Gate Ferry SAN FRANCISCO. At all relevant times Defendant Rhoades operated or allowed the Rhoades Vessel to be operated in an unsafe manner (given the prevailing traffic, weather, lighting and other conditions) and in a manner that resulted, in addition to the acts and omissions of the operators of the Ferry SAN FRANCISCO, in the collision with the Ferry SAN FRANCISCO. Each of theses conditions were personally known, or should have been known, to Defendant Rhoades.

8. Notwithstanding these conditions, and the knowledge and informational gathering capabilities available to Defendant Rhoades, the owner and captain deliberately decided to and thereafter did take actions that resulted, in addition to the acts and omissions of the operators of the Ferry SAN FRANCISCO, in the collision with the Ferry SAN FRANCISCO and Decedent suffering grievous injuries and thereafter dying of such injuries.

COMPLAINT FOR WRONGFUL DEATH                                              CASE NO.

II.

**FIRST CLAIM FOR RELIEF**

(Wrongful Death Action for Pecuniary and Non-Pecuniary Damages under the General Maritime Law)

9. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 8, above.

10. Defendant Rhoades knew, or reasonably should have known, that operating the Rhoades Vessel in the manner that it was being operated at the time of the collision, given the prevailing traffic, weather, lighting and other conditions, created a material risk of collision with another vessel, including a large commercial vessel such as the Ferry SAN FRANCISCO, and was guilty of outrageous conduct owing to gross-negligence, and wanton and reckless indifference to the lives of the others aboard.

11. This marine casualty was, in addition to the acts and omissions of the operators of the Ferry SAN FRANCISCO, legally caused by the negligence of Defendant Rhoades, including, but not limited to, the following:

   (a) Knowingly operating, or allowing the Rhoades Vessel to be operated, in the manner that it was being operated at the time of the collision, wherein, given the prevailing traffic, weather, lighting and other conditions, such operation created a material risk of collision with another vessel, including a large commercial vessel such as the Ferry SAN FRANCISCO;

   (b) Failing to warn Decedent before taking the vessel into the area of extreme risk;

   (c) Failing to maintain or post an effective lookout on his vessel;

   (d) Failing to exercise ordinary care under the circumstances to ensure that Decedent would be able travel aboard the vessel with reasonable safety;

   (e) Failing to properly equip the Rhoades Vessel for her voyage; and

   (f) Failing to use reasonable care in the navigation, operation and control of his vessel and allowing the vessel to collide with the Ferry SAN FRANCISCO.

12. As a legal result of the aforesaid negligent acts and omissions, among others,

COMPLAINT FOR WRONGFUL DEATH                                              CASE NO.

Defendant Rhoades breached the duty of care owed to Decedent. As a result of these breaches of duty, in addition to the acts and omissions of the operators of the Ferry SAN FRANCISCO, Decedent sustained grievous physical injuries which ultimately resulted in his death.

13. Decedent was in excellent physical condition and was the loving and devoted husband of Plaintiff and a father and grandfather. As a direct result of the negligent acts and omissions of Defendant Rhoades, in addition to the acts and omissions of the operators of the Ferry SAN FRANCISCO, Decedent's heirs and dependents have suffered the permanent loss of his financial and other support, services, nurture, care, advice, and example, all to their pecuniary damage, and the permanent loss of his love, affection, comfort, company, society, and consortium, all to their non-pecuniary damage, both in an amount to be determined by the trier of fact at the time of trial.

14. Decedent's heirs have also suffered expenses and losses of other types, including funeral expenses, legal expenses relating to probate and other matters, and other items in an amount to be determined by the trier of fact at the time of trial.

## III.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and as the Personal Representative of Decedent and his Estate, prays judgment as follows:

1. That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against the Rhoades Vessel, her engine, tackle, gear and appurtenances, or any limitation fund, and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters; that Plaintiff have a judgment for the damages alleged herein against such vessel, with interest and costs; and that Rhoades Vessel be condemned and sold to satisfy Plaintiff's judgment;

2. That process in due form of law according to the practice of this Honorable Court issue against Defendant Rhoades, citing him to appear and answer all and singular the

COMPLAINT FOR WRONGFUL DEATH                                                    CASE NO.

matters aforesaid;

3. For pecuniary and non-pecuniary wrongful death damages;

4. For funeral and burial expenses;

5. For property damage according to proof at trial;

6. For pre-judgment interest;

7. For costs of suit and attorney fees to the extent recoverable; and

8. For such other and further relief as this Honorable Court deems just and proper.

DATED: June 19, 2013                BRODSKY MICKLOW BULL & WEISS LLP

                                    By: _____
                                            Edward M. Bull III

                                    Attorneys for Plaintiff MARY HOLZHAUER,
                                    Individually and as the Personal Representative of
                                    HARRY HOLZHAUER (DECEASED)

### ENDORSEMENT

By way of endorsement to this Claim, Plaintiff demands a jury trial on all of causes of action pursuant to the legal authorities addressing the right to trial by jury in mixed admiralty, state law and diversity cases.

DATED: June 19, 2013                BRODSKY MICKLOW BULL & WEISS LLP

                                    By: _____
                                            Edward M. Bull III

                                    Attorneys for Plaintiff MARY HOLZHAUER,
                                    Individually and as the Personal Representative of
                                    HARRY HOLZHAUER (DECEASED)

COMPLAINT FOR WRONGFUL DEATH                                            CASE NO.