UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE BRIDGE, HIGHWAY & TRANSPORTATION,<br><br>Plaintiffs,<br><br>v.<br><br>IN THE MATTER OF THE COMPLAINT OF GOLDEN GATE BRIDGE, HIGHWAY & TRANSPORTATION DISTRICT,<br><br>Defendant. | Case Nos.  13-cv-05875-JST; 13-cv-02862-JST<br><br>**ORDER 1) GRANTING RHOADES' PETITION TO LIFT DEFAULT AND ACCEPTING CLAIM; 2) DENYING GOLDEN GATE BRIDGE, HIGHWAY & TRANSPORTATION DISTRICT'S MOTION TO DISMISS; AND 3) DENYING HOLZHAUER'S MOTION TO DISMISS** |

This litigation involves a February 16, 2013 collision between the Golden Gate Ferry and a speedboat containing Harry Holzhauer ("Mr. Holzhauer") and David Rhoades ("Rhoades"). Before the Court is Rhoades' Petition to Lift Default in case 13-cv-05875 ("Golden Gate II"). Golden Gate Bridge, Highway & Transportation District ("District") opposes the motion and has moved to dismiss his claims in related case 13-cv-02862 ("Golden Gate I"). Golden Gate II, ECF No. 29; Golden Gate I, ECF No. 30.  Also before the Court is Mary Holzhauer's motion to dismiss Defendant Rhoades' counter-claims against Holzhauer in Golden Gate I.

For the reasons set forth below, the Court grants Rhoades' Petition to Lift Default. Consequently, the District's Motion to Dismiss Rhoades' cross-claims is denied as moot.  The Court also denies Holzhauer's Motion to Dismiss.  Finally, the Court sua sponte consolidates Golden Gate I and Golden Gate II.

I. BACKGROUND AND PROCEDURAL HISTORY

On February 16, 2013, Rhoades and Mr. Holzhauer were in Rhoades' recreational

speedboat when it collided with the District's M/S San Francisco ferry. Golden Gate II, ECF Nos. 26, 29. As a result of the collision, Mr. Holzhauer died and Rhoades sustained serious injuries. Golden Gate II, ECF Nos. 12, 26; Golden Gate I, ECF No. 9.

In June 2013, Mary Holzhauer, individually and as the personal representative of Mr. Holzhauer ("Holzhauer"), filed an amended complaint for wrongful death against Rhoades and the District. Golden Gate I, ECF No. 9. In late October 2013, Holzhauer voluntarily dismissed the claims against Rhoades without prejudice. Id., ECF No. 17. In December 2013, while Rhoades was no longer a party to the suit, the District filed a Complaint for Exoneration From or Limitation of Liability as a separate action.[1] Golden Gate II, ECF No. 1. Shortly after, the two cases were ordered related and both matters were assigned to this Court. Golden Gate I, ECF No. 23; Golden Gate II, ECF No. 11.

On December 23, 2013, this Court ordered notice of the District's action for exoneration from or limitation of liability and the issuance of a monition. Golden Gate II, ECF Nos. 12, 15. The monition required all persons claiming damages arising out of the boat collision to file their respective claims with this Court by February 19, 2014. Id., ECF No. 15. Pursuant to the Federal Rules of Civil Procedure, Supplement Rule F(4) for Admiralty and Maritime Claims, the District published notice and delivered a copy to Rhoades' attorney-of-record from Golden Gate I. Id., ECF Nos. 15, 19. At that time, Rhoades was no longer a party to Golden Gate I, and his attorney-of-record was appointed solely as defense counsel by his insurance company. Id., ECF No. 29.

In February 2014, all parties -- including Rhoades -- stipulated that "depending on the results of preliminary discovery (including the deposition of Mr. Rhoades) and the completion of the Coast Guard investigation, Plaintiff might need to re-name Rhoades as a party to the action." ECF No. 25. Only Holzhauer filed a claim during the monition period. Id., ECF No. 21. In March 2014, this Court issued an Order Noting Defaults that barred all persons or entities who did

---

[1] Unique to admiralty and maritime law, the Limitation to Liability Act provides procedures for vessel owners to limit potential claims and damages asserted against them. 46 U.S.C.A. § 30501-30512.

2

1  not file claims during the monition period from filing future claims against the District arising
2  from the February 2013 collision.  Id., ECF No. 27.
3    In April 2014, after the monition deadline passed to file claims against the District,
4  Rhoades was re-named as a defendant in Golden Gate I.  ECF No. 26.  Through newly-hired
5  plaintiff's counsel, Rhoades asserted counter-claims against the Holzhauer and cross-claims
6  against the District.  Id., ECF No. 30.  Based on its action for limitation of liability and resulting
7  default order from Golden Gate II, the District moved to dismiss Rhoades' cross-claims.  Id., ECF
8  No. 34.  Plaintiff Mary Holzhauer filed a motion to dismiss Rhoades' counter-claims against the
9  Decedent.  ECF No. 35.  Rhoades filed a petition to lift the default and accept his counter claims
10 concurrent with filing his opposition to the District's motion to dismiss.  Golden Gate II, ECF No.
11 29.

12 **II.  JURISDICTION**

13   The Court has jurisdiction over these actions under 28 U.S.C. §§ 1331 and 1333.

14 **III.  CONSOLIDATION**

15   "When actions involving a common question of law or fact are pending before the court, it
16 . . . may order all the actions consolidated."  Fed. R. Civ. Pro. 42(a).  The "district court has broad
17 discretion under this rule to consolidate cases pending in the same district."  Investors Research
18 Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989).  "In
19 determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial
20 convenience against the potential for delay, confusion and prejudice.'"  Zhu v. UCBH Holdings,
21 Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A
22 Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

23   Case No. 13-cv-02862-JST and Case No. 13-cv-05875-JST both involve the speedboat
24 accident of February 16, 2013.  Both actions involve Rhoades and the District and implicate
25 common questions of law and fact.  The resolution of Rhoades' motion to set aside the default in
26 Golden Gate II, No. 13-cv-05875, governs the resolution of the District's motion to dismiss in
27 Golden Gate I, No. 13-cv-02862.  The Court hereby CONSOLIDATES the two above-captioned
28 cases.  The first-filed case, No. 13-cv-02862, shall serve as the lead case.  The Clerk shall only file

(Left margin: United States District Court / Northern District of California)

future submissions in that case.  No. 13-cv-05875 is ADMINISTRATIVELY CLOSED, and any pending dates, deadlines and case schedules in that case are VACATED.

**IV.   PETITION TO LIFT DEFAULT**

**A.   Legal Standard**

"[T]he granting or withholding of permission to file claims after the expiration of the monition period is discretionary with the trial court." Meyer v. New England Fish Co. of Oregon, 136 F.2d 315, 316 (9th Cir.1943).  "Admiralty is administered with equitable liberality and . . . [a]pplying equitable principles, late filing is often permitted." Texas Gulf Sulphur Co. v. Blue Stack Towing Co., 313 F.2d 359, 362-63 (5th Cir. 1963); see also, Matter of Deng, C 13-05071 WHA, 2014 WL 1347380 at *8 (N.D. Cal. Apr. 3, 2014) (granting motion to set aside entry of default).  "In determining whether to permit late claims, it is important to consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." Matter of Deng, 2014 WL 1347380 at *8 (quoting Golnoy Barge Co. v. M/T SHINOUSSA, 980 F.2d 349, 351 (5th Cir.1993) (internal quotation marks omitted)).

**B.   Analysis**

Rhoades asserts that the default should be lifted because he has a reasonable explanation for his delay in asserting claims against the District and the District will not suffer unfair prejudice from permitting the claim.  Golden Gate II, ECF No. 29.

Rhoades has presented a reason for filing late that counsels in favor of setting aside the default.  Rhoades was not a party to Golden Gate I from the time that the District first filed its action for limitation to liability to the close of the monition period.[2]  Although the District was aware of Rhoades and his potential interest in the litigation, Rhoades was never personally served with notice of the monition.  Instead, the District served notice only on Rhoades' attorney-of-record from Golden Gate I, who was appointed by Rhoades' insurance company solely for defense purposes and "expressly instructed . . . not to pursue any additional matters." Golden Gate I, ECF

---

[2] Compare Golden Gate II, ECF Nos. 1-27 with Golden Gate I, ECF Nos. 17-26.

4

No. 29 at 3. In the absence of the monition, Rhoades would have had up to three years from the date of the accident to bring his claims. 46 U.S.C. § 30106. Because he was personally unaware of the monition, Rhoades had no actual notice that he was in danger of entry of default for his claims against the District. Although the District published public notice of the monition, satisfying the requirements of inquiry notice, the District was aware that Rhoades was one of a small number of people who suffered injuries in the collision and could have provided him with actual notice that his claims would be defaulted.[3]

The remaining considerations also weigh in favor of setting aside the default. The proceeding in Golden Gate I is not so advanced that the equities would justify barring Rhoades' claim. Indeed, much of the discovery that has been and will be undertaken relating to Holzhauer's claim against the District in Golden Gate I will also bear on Rhoades' claim. Any negative consequences the District might suffer by lifting the default and allowing Rhoades' claim are outweighed by the adverse effect of denying Rhoades the chance to bring claims relating to his injuries.

Because Rhoades has a reasonable explanation for the delay and the District will not suffer unfair prejudice from permitting Rhoades' claim, this Court grants his motion to lift default. In its motion to dismiss Rhoades' cross-claims, the District bases its entire argument on the limitation to liability proceedings and default from Golden Gate II. Golden Gate I, ECF No. 34. Indeed, the District concedes that "if the Motion for Relief from Default if granted, the Motion to Dismiss would be moot." Id., ECF No. 41. Because the Court has granted Rhoades' petition to lift the default and allow his cross-claims against the District, the District's Motion to Dismiss is denied as

---

[3] Rhoades has also filed a supplemental sur-reply alleging that he made requests for information regarding the accident with the Marin County Sheriff's Office and the Coast Guard as early as June 2013. ECF No. 33 at 2-3. Rhoades claims that the Coast Guard did not respond to his request and the Marin County Sheriff's Office provided him with incomplete reports, omitting information indicating that one of the District's employees had acted negligently prior to the crash. Id. Rhoades claims this information could not have been known to him until September of 2014, when that employee was deposed relating to Holzhauer's claims. Id. Because the Court concludes that Rhoades' lack of awareness of the monition sufficiently justifies setting aside the default, it will not address Rhoades' claims that the government hindered his investigation into the details of the accident.

moot.

## IV.   HOLZHAUER'S MOTION TO DISMISS

Mary Holzhauer argues that Rhoades' counter-complaint against the estate of Mr. Holzhauer in Golden Gate I is time-barred by California Code of Civil Procedure section 366.2(a) which states:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Defendant Rhoades argues that the three-year federal statute of limitation for maritime torts is the correct statute to apply. The federal statute provides: "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." 46 U.S.C. § 30106.

"[I]t is well established that federal claims are subject to state statutes of limitations *unless there is a federal statute of limitations* or a conflict with federal policy." S. Carolina v. Catawba Indian Tribe, Inc., 476 U.S. 498, 507 (1986) (emphasis added). Here, Rhoades' counter-claim clearly falls within the jurisdiction of federal general maritime law. See Sisson v. Ruby, 497 U.S. 358, 362 (1990) (applying admiralty law to fire on noncommercial boat docked on navigable waterway). Rhoades' counter-claim arises from the same incident as Plaintiff's claims--a boat collision "upon the navigable waters of the San Francisco Bay." ECF No. 30 ¶ 8. Thus, the three-year federal statute applies. See Mendez v. Ishikawajima-Harima Heavy Indus. Co., 52 F.3d 799, 801 (9th Cir. 1995) (concluding the admiralty three year statute of limitations applied to maritime torts rather than the California one year statute of limitations). Holzhauer's Motion to Dismiss is accordingly denied.

## VI.   CONCLUSION

For the foregoing reasons, the Court hereby consolidates cases Nos. 13-cv-05875-JST and 13-cv-02862-JST. The Court grants claimant Rhoades' Petition to Lift Default and Accept Claim in case 13-cv-05875, ECF No. 29, and denies as moot defendant District's Motion to Dismiss in

case 13-cv-02862, ECF No. 34.  The Court also denies Holzhauer's Motion to Dismiss in case No. 13-cv-02862.  ECF No. 35.

**IT IS SO ORDERED.**

Dated:  November 24, 2014

_____
JON S. TIGAR
United States District Judge