UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY HOLZHAUER,

    Plaintiff,

    v.

GOLDEN GATE BRIDGE, HIGHWAY & TRANSPORTATION DISTRICT,

    Defendant.

Case No. 13-cv-02862-JST

**ORDER RE: MOTIONS IN LIMINE AT ECF 106, 107, 110**

Re: ECF No. 106, 107, 110

    The Court heard argument concerning the parties' motions in limine on June 5, 2015. The Court issued rulings from the bench regarding some of the motions, ECF No. 145, and took others under submission. Id. The Court now issues further orders regarding certain of the motions, as set forth below.

**Motion in Limine at ECF No. 106: Regarding Expert Katherine Sweeney's Supplemental Report**

    By this motion, defendant Golden Gate Bridge, Highway & Transportation District ("District") seeks to exclude a supplemental report filed by plaintiff David Rhoades' expert witness, Captain Katherine Sweeney. ECF No. 106. The deadline for expert reports and disclosures was January 13, 2015. Rhoades disclosed Captain Sweeney as a testifying expert, and provided a report from her, on or about that date. The District took Captain Sweeney's deposition on March 24, 2015.

    The District's expert witness Captain Eugene Hickey prepared a report, disclosed on January 13, 2015, which relied in part on Automated Information System ("AIS") data, including AIS data not previously produced to Plaintiffs by the District. ECF 138-2. Although Hickey did not include the AIS data in the section of his report titled "Materials Considered," id. at 24-25, the AIS data is referenced at several points throughout the report. See, e.g., id. at 2 n. 2, 7, 20 n. 10.

On April 14, 2015, counsel for the District notified Plaintiffs that Captain Hickey had in fact relied on AIS information in preparing the report. See ECF No. 138-3. Following this disclosure, counsel for Plaintiff Holzhauer obtained additional AIS data from the Marine Exchange prior to Captain Hickey's deposition on April 27, 2015. Holzhauer's counsel used the AIS data to cross-examine Captain Hickey regarding his report's conclusion that the ferry had maintained course and speed. ECF No. 138 at 4.

On May 22, 2015, Rhoades disclosed a supplemental expert report prepared by Captain Sweeney. The report included an analysis of the AIS data that she had not relied on in her initial report, including the data relied on by Captain Hickey in the preparation of his report. Although the District had provided some of the AIS data to Plaintiffs in May 2014, see ECF No. 150, Captain Sweeney did not rely on that data in her initial expert report submitted on January 13, 2015. ECF No. 138-1.

On May 26, 2015, the District moved to exclude the supplemental report as untimely. As the party sponsoring a late-filed expert report, the burden is on Rhoades to prove that the late disclosure of the facts or opinions in Sweeney's report was either substantially justified or harmless under Fed. R. Civ. P. 37(c)(1). Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008).[1]

Rhoades makes two responses to the District's motion. First, he argues that Captain Sweeney's supplemental report was not actually untimely, because Rule 26(e)(1) provides that a party that has made its expert disclosures under Rule 26(a) "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the addition or corrective information has not otherwise been made known to the other parties during the discovery process . . ." See Medtronic Vascular, Inc. v. Abbott Cardiocvascular Systems, Inc., 2008 WL 4601038 at *1 (N.D. Cal. 2008). Because Captain Sweeney's initial report was based on "information supporting the conclusion that the powerboat was overtaking the ferry," Rhoades contends that the initial report

---

[1] Rhoades does not contend that the introduction of the supplemental report is harmless, and such an argument would be unsuccessful, as the Sweeney report contains opinion and analysis that is beyond the scope of her Rule 26 disclosed on January 13, 2015.

was rendered "incomplete or incorrect" under Rule 26(e)(1) once Captain Sweeney consulted the AIS report. ECF No. 138 at 5.

The Court rejects this reasoning, which suggests that any litigant could get an expert witness "do over" simply by claiming that her expert's original report was incomplete or incorrect. Such is not the purpose of Rule 26(e)(1). "Case law interpreting the rule reflects that a supplemental disclosure must be exactly that – i.e., a supplement," and "[a] party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report." Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys., Inc., No. C-06-1066PJH(EMC), 2008 WL 4601038, at *1 (N.D. Cal. Oct. 15, 2008). Because Captain Sweeney did not rely on the AIS data at all in producing her initial report – even though her counsel had AIS data in their possession – Rhoades cannot now introduce a new report relying heavily on that data. Such a report is not truly "supplemental," but rather an entirely new report, resembling a rebuttal report to the report of Captain Hickey.[2]

Rhoades next asserts that the late filing of the supplemental report was nonetheless "substantially justified" in light of the District's incomplete Rule 26 disclosures in relation to the expert report of its expert Captain Hickey. Captain Hickey's report was submitted prior to January 13, 2015, but Rhoades alleges the District did not notify Plaintiffs of Captain Hickey's reliance on the AIS data until "three months after disclosing its experts and providing reports." ECF No. 138 at 2.

The difficulty with this argument is that the District's non-compliance with Rule 26 in connection with Captain Hickey's report, if any, could not have affected the content of Captain Sweeney's report, since both reports were disclosed on the same day. Even if Captain Hickey had stated that he relied on AIS data in his initial report, Captain Sweeney would not have had the opportunity to review Captain Hickey's report before submitting her own. And Rhoades has not shown that the District was required to disclose the AIS data at any time prior to the preparation of Captain Sweeney's report in response to a particular discovery request, or as a matter of Rule 26 disclosure obligation. Therefore, Rhoades has not shown any conduct, or lack of action, by the

---

[2] Rhoades did not designate Captain Sweeney as a rebuttal expert.

District that could have affected Captain Sweeney's analysis or justified the preparation of a late supplemental report.

The Court will grant the District's motion, and strike Captain Sweeney's supplemental report.

**Motion in Limine at ECF No. 107: Regarding ISM and JHA**

Defendant District moves to excludes "any and all evidence, references to evidence, reports, testimony, or argument regarding the International Safety Management Code ("ISM") or provisions of Job Hazard Analysis ("JHAs"). ECF No. 107 at 2. The District argues that "the ISM Code applies only to vessels engaged in foreign voyages, and not to local inland ferries like the M/S San Francisco," and is therefore irrelevant under Rule 402. Id. The District also argues the admission of evidence of the ISM or JHA would "mislead jurors, prejudice the District, and waste time" under Rule 403. Id. at 3. The District argues that the jury "may assume that the ISM Code does somehow apply despite the great effort spent to disabuse the jurors of that idea." Id. at 4.

Rhoades acknowledges that the ISM Code does not apply directly the District's ferry operations and states he has "no intention of making that assertion." ECF No. 126 at 1. Rhoades nevertheless seeks to question his expert, Captain Sweeney, regarding "what other vessel owners and operators have done in assessing risks," including other operators who "have voluntarily obtained safety management certificates of compliance with the ISM Code." Id. at 2. Rhoades suggests that the Court can offer a limiting instruction to allay concerns that jurors may be misled as to whether the ISM Code is binding on the District. Id.

Numerous courts have concluded "the ISM does not create or alter any duties that exist in General Maritime Law." Rinker v. Carnival Corp., 753 F. Supp. 2d 1237, 1243 (S.D. Fla. 2010); see also Aronson v. Celebrity Cruises, Inc., 30 F. Supp. 3d 1379, 1395 (S.D. Fla. 2014) (collecting cases). Even when not binding, however, guidelines reflecting "[e]vidence of custom within a particular industry, group, or organization [are] admissible as bearing on the standard of care in determining negligence." Muncie Aviation Corp. v. Party Doll Fleet, Inc., 519 F.2d 1178, 1180 (5th Cir. 1975). One District Court has excluded an expert's testimony regarding the ISM Code in

4

a case pertaining to an accident that occurred in the Great Lakes. In that case, the expert who sought to testify regarding the ISM Code possessed "no knowledge of Great Lakes norms; his knowledge and experience [were] limited to ocean norms." Am. S.S. Co. v. Hallett Dock Co., No. CIV. 09-2628 MJD/LIB, 2013 WL 308907, at *7 (D. Minn. Jan. 25, 2013). In contrast, Sweeney has knowledge of the norms of operation of similar vessels to the District's and can testify that they voluntarily adhere to the ISM Code.

In apparent recognition of these distinctions, counsel for the District clarified at the hearing on this motion that:

> we certainly do not believe that we can prevent Captain Sweeney from offering her opinions, based on whatever experience she has, as to what a reasonable approach would be. [¶] All we have requested by this motion – and I think the kind of qualified opposition supports that – is that Captain Sweeney will not state or imply that the District is governed by the ISM code . . . or the JHA requirements, because that would mislead the jury into believing that they [the District] are subject to a regulation that they are not.

ECF No. 153 at 47.

The District's motion, as modified by its counsel's comments, is granted. Captain Sweeney will not testify or imply that the ISM or JHAs are binding on the district. She may, however, testify that a reasonable vessel operator would consider them in determining how to safely operate her vessel, and that other vessel owners and operators have taken the ISM and JHAs into account.

**Motion in Limine at ECF No. 110: Regarding U.S. Coast Guard Accident Investigation**

The District has filed a motion to exclude "any and all evidence, references to evidence, reports, testimony, questions or argument regarding the United States Coast Guard's post-accident investigation and activities, including communications with Captain Shonk and the District's representatives." ECF No. 110 at 2. The District's motion is based on 46 U.S.C. § 6308(a), which states as follows:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or

subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

Plaintiffs Rhoades and Holzhauer oppose the motion, noting that the District's own expert, Captain Eugene J. Hickey, Jr., considered the Coast Guard report in preparing his expert report. ECF No. 125 at 2. Plaintiff Rhoades argues that the District "should not be able to have it both ways," as it refused to produce the report, which is not public, throughout discovery, yet allowed Hickey to consider the report in forming the basis of his opinion. Id. Rhoades contends that under Rule 26(b)(1), the District was required to disclose "any matter, not privileged, which is relevant to the subject matter in the pending action."[3]

At the pre-trial conference held on June 5, 2015, the Court ordered the parties to file a copy of Captain Hickey's deposition. Defendant and cross-complainant Mary Holzhauer filed the transcript on June 8, 2015. ECF No. 148. The Court has now reviewed certain portions of that transcript, which confirm that the District's attorneys provided copies of Coast Guard investigation materials to Captain Hickey. Depo. of Eugene J. Hickey, Jr., ECF No. 148-1 at 29.[4] These materials have not been disclosed to other parties.

Pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, a testifying expert must disclose "the facts or data considered by the witness in forming" her opinions. The term "considered" is broadly interpreted, Synthes Spine Co., L.P. v. Walden, 232 F.R.D. 460, 463 (E.D. Pa. 2005), and the party sponsoring the witness must disclose the materials "considered by, presented to, or relied upon by a testifying expert in forming his or her opinions." S.E.C. v. Reyes, No. C06-04435 CRB, 2007 WL 963422, at *1 n.1 (N.D. Cal. Mar. 30, 2007). That the witness did not rely on the materials at issue in forming her opinion does not protect the materials from disclosure.

That the materials might be privileged also does not protect them from disclosure. The

---

[3] Rhoades points to a Fourth Circuit decision that granted a new trial under Rule 60(b) where a party had refused to produce "a relevant United States Coast Guard report" during discovery in a case involving a boating collision. Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). But Schultz predates the enactment of § 6308(a). Following the enactment of § 6308(a), "courts considering this question universally agree that the Coast Guard's report is protected from discovery and is inadmissible as evidence." Guest v. Carnival Corp., 917 F. Supp. 2d 1242, 1245 (S.D. Fla. 2012).

[4] The Court here refers to the deposition page number, and not the ECF page number.

"disclosure obligations [under] Rule 26(a)(2)(B) [were] added to eliminate a litigant's ability to claim that materials furnished to their experts are privileged or otherwise protected when their expert witness is testifying or being deposed." In re Leap Wireless Int'l, Inc., 301 B.R. 80, 85 (Bankr. S.D. Cal. 2003); see also Advisory Comment to the 1993 Amendments to Fed.R.Civ.P. 26 ("The report is to disclose the data and other information considered by the expert . . . . Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions . . . are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."). Since Rule 26(a)(2)(B)'s disclosure language was added, courts have "overwhelmingly" imposed a "bright-line rule" that all materials considered by a testifying expert, whether otherwise privileged or not, are automatically discoverable. Reyes, 2007 WL 963422, at *1; Varga v. Stanwood-Camano Sch. Dist., No. C06-0178P, 2007 WL 1847201, at *1 (W.D. Wash. June 26, 2007); In re Leap Wireless Int'l, Inc., 301 B.R. 80, 85 (Bankr. S.D. Cal. 2003). Numerous district courts in the Ninth Circuit, and every court of appeals to have considered the issue, have adopted this "bright line" rule. S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv., 257 F.R.D. 607, 612 (E.D. Cal. 2009).

Thus, there is an inherent tension in the rule prohibiting discovery of the Coast Guard's investigation and the rules requiring disclosure of materials furnished to expert witnesses. It seems to the Court that the District should not be not permitted to exploit this tension to its own advantage by obtaining a copy of materials which are not available to the public, providing them to its testifying expert, and then attempting to shield the materials from disclosure pursuant to section 6308 – particularly given that section 6308 was designed to protect the interests of the United States, not the District.

The District's motion as framed is denied. At the further pre-trial hearing scheduled for June 18, 2015, the Court will discuss what further remedies, if any, are appropriate. If the District obtains the United States' permission to share with other parties the materials that it received from

///

///

7

the Coast Guard relating to the accident at issue, and provides them to those parties promptly, the Court will consider that fact in determining what further action it should take.

IT IS SO ORDERED.

Dated:  June 11, 2015

_____
JON S. TIGAR
United States District Judge