UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOLZHAUER,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT,<br><br>    Defendant. | Case No. 13-cv-02862-JST<br><br>**ORDER DENYING MOTION TO REOPEN DISCOVERY**<br><br>Re: ECF No. 184 |

    On February 23, 2016, Cross-claimant David Rhoades filed a Motion to Reopen Discovery for Limited Purposes. ECF No. 184. Rhoades filed a motion to shorten time, which the Court granted, and a hearing was held on March 10, 2016. ECF No. 193. Rhoades seeks "to re-open discovery for the limited purposes of: 1) subpoenaing phone records of Captain Stacy Shonk and Mr. Ketchum; 2) obtaining all of the materials from the Coast Guard of which Captain Hickey reviewed that are in the District's possession and control (including the phone records of Captain Shonk); and 3) a short deposition of Captain Hickey regarding his review of the Coast Guard records for impeachment and credibility purposes . . . ." ECF No. 184 at 18. For the reasons set forth below, the motion is denied.

    Fact and expert discovery closed in April 2015. ECF No. 78. Trial was originally scheduled for June 22, 2015, but was subsequently continued to, and is currently scheduled to begin on, April 11, 2016. ECF No. 183.

    According to Rhoades, "[o]n August 4, 2015, Mr. Rhoades and his counsel went to the Coast Guard's section to view [] documents and evidence regarding the collision" underlying this action. ECF No. 184 at 8. These documents included "Captain Shonk's cell phone records in which he made several calls during [the time when the collision happened]." Id. "Thereafter, Mr. Rhoades' counsel immediately started forming a plan as to how to get this new information into

evidence." Id. at 9. However, Rhoades' counsel did not arrange to view the evidence again until January 27, 2016. Id. During this second visit, "[t]he Coast Guard's information also revealed that the District's counsel and its retained expert, Captain Hickey, actually met the Coast Guard during its investigation," despite the fact that Captain Hickey testified during his deposition that he had no oral communications with anyone from the Coast Guard. Id.

Requests to modify a scheduling order made after the Court has set a timetable for amending the pleadings are governed by Federal Rule of Civil Procedure 16. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) requires "good cause" and the consent of the Court to amend a scheduling order. "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

The Court concludes that Rhoades has not been diligent in pursuing discovery or in seeking modification of the scheduling order. Rhoades first went to the Coast Guard to view the documents in question in August, 2015. After viewing Captain Shonk's cell phone records, Rhoades could have sought to reopen discovery at that time. Instead, Rhoades waited approximately five months to return to the Coast Guard and view the documents again. By this time – January 27, 2016 – trial was scheduled to begin in less than three months. Rhoades did not file his motion to reopen discovery until approximately one month later on February 23, 2016, less than two months before trial. Even with the Court having shortened time on the motion, and having issued its order from the bench, trial is now only a month away. Given the imminence of the trial date at the time Rhoades filed his motion, and the prejudice to the District inherent in reopening discovery at this late date, Rhoades' lack of diligence requires the Court to conclude that he has not shown good cause to reopen discovery.[1]

---

[1] The Court further notes that Rhoades failed to meet and confer with the District regarding his request to reopen discovery with respect to the second and third categories of discovery listed above. See ECF No. 190 at 7; ECF No. 191 at 5. Even if the Court found good cause to reopen

1    Accordingly, the Court denies Rhoades' motion to reopen discovery

2    IT IS SO ORDERED.

3    Dated: March 11, 2016

_____
JON S. TIGAR
United States District Judge

---

discovery regarding the first set of documents, the Court would deny the motion with respect to the second and third categories of discovery given Rhoades' failure to follow the requirements of this Court's Standing Order for All Civil Cases, which provides: "If a discovery dispute arises, the parties shall meet and confer in good faith to attempt to resolve the dispute."