UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOLZHAUER,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT,<br><br>    Defendant.<br><br>AND RELATED CROSS-CLAIMS. | Case No. 13-cv-02862-JST<br><br>**ORDER DENYING MOTION FOR CONTINUANCE**<br><br>Re: ECF No. 200 |

On April 5, 2016, Defendant Golden Gate Bridge Highway & Transportation District ("the District") filed a motion to continue the trial scheduled for April 11, 2016. ECF No. 200. The basis of the motion is that Captain Carl Friedrich, whom the District describes as a "liability expert," passed away on March 21, 2016. Id. at 2.

This case has been pending since June 20, 2013. ECF No. 1. The accident giving rise to the case occurred on February 16, 2013. It resulted in the death of Harry Holzhauer and substantial injury to Defendant and Cross-Claimant David Rhoades.

The case was originally set for trial on January 5, 2015, but the trial was subsequently continued to March 2, 2015, and again to June 22, 2015 for various reasons. See ECF Nos. 20, 28, 78. The trial was continued yet again in June 2015 when it conflicted with a criminal trial that had been scheduled for the same date. ECF Nos. 178, 183. A lengthy continuance to April 11, 2016 was the only way to fit the matter on all parties' and the Court's calendars. See ECF No. 183.

The Court conducted a final pretrial conference on April 4, 2016. ECF No. 199. The

1    District did not tell the Court at that time that one of its experts had died, or request a continuance
2    or any other relief.  See id.  On April 5, 2016, the District filed this motion, which Rhoades and
3    Plaintiff Mary Holzhauer both oppose.  ECF Nos. 200, 204.
4           The first question the Court must resolve is the burden the District must satisfy to prevail
5    on its motion.  The District describes the standard as one of "good cause," citing Rule 16(b)(4) of
6    the Federal Rules of Civil Procedure.  ECF No. 200 at 3.  Rhoades and Holzhauer argue that the
7    appropriate standard is that "[t]he court may modify the order issued after a final pretrial
8    conference only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).
9           The Court will apply the "good cause" standard.  While there is an argument that this
10   motion involves modification of a pre-trial order in the abstract, Rhoades and Holzhauer do not
11   identify the pre-trial order in question, and it seems more likely that the motion is directed to the
12   Court's most recent scheduling order setting the trial date.  Tellingly, the only instances of the
13   application of the "manifest injustice" standard the Court can find involve amendment to the
14   witness list to add an additional witness shortly before trial, Canales v. Principi, 220 F.R.D. 627,
15   628 (D. Colo. 2004) (expert witness); Vlasich v. Hoffman, No. 99-cv-6472, 2008 WL 3551104, at
16   *2 (E.D. Cal. Aug. 13, 2008) (lay witness); Morris v. Long, No. 08-cv-01422, 2012 WL 1481526,
17   at *1 (E.D. Cal. Apr. 27, 2012).  Moreover, the case relied on by Rhoades and Holzhauer for the
18   "manifest injustice" standard does not involve a motion for trial continuance, and the court in that
19   case did not actually apply that standard.  Sacramento E.D.M., Inc. v. Hynes Aviation Indus., No.
20   13-cv-0288, 2014 WL 4961104, at *2 (E.D. Cal. Oct. 1, 2014) ("Defendants seek to file
21   counterclaims and to amend the pretrial scheduling order in this case to allow the action to proceed
22   to trial on all issues disputed among the parties.")
23          Turning to the merits, the Court finds that the District has failed to demonstrate good
24   cause.  Captain Friedrich's absence will not unduly prejudice the District because Captain
25   Friedrich is not the District's only liability witness.  Indeed, the District acknowledges as much in
26   its motion: "While Capt. Friedrich is not the District's sole liability expert, he was the only expert
27   who had experience operating ferries and managing ferry operations on the San Francisco Bay."
28   ECF No. 200 at 2.  Given that the District has other liability witnesses, depriving the District of

1  Captain Friedrich's "unique perspective" does not constitute significant prejudice. ECF No. 200
2  at 2. And, since no other party will be presenting a former ferry captain as a witness, the fact that
3  the District will now be unable to do so is not significant. Moreover, Captain Friedrich's
4  deposition has been taken, so at least some of his testimony can be presented by deposition.
5  Particularly when added to the cumulative nature of Captain Friedrich's testimony, the availability
6  of deposition testimony is another factor weighing against a continuance. Lane v. Wallace, 579
7  F.2d 1200, 1202 (10th Cir. 1978) (denial of continuance due to expert witness's unavailability not
8  abuse of discretion where testimony could be presented by deposition).

9  Compared to the lack of prejudice to the District from the denial of a continuance is the
10 substantial prejudice to Holzhauer and Rhoades from the granting of one. "[A] continuance would
11 prejudice [Holzhauer and Rhoades, who have] been diligently litigating this case and [are] ready
12 to proceed to trial." Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc, No. 14-
13 cv-04568-RS, 2016 WL 97452, at *1 (N.D. Cal. Jan. 8, 2016). The case has been pending for
14 more than three years. The last continuance consumed nearly a year's time because of the
15 difficulty of fitting a three-week trial into the calendars of all the parties and the Court. A
16 continuance at this very late stage will not only further delay what has been Holzhauer and
17 Rhoades' long-in-coming day in court; it will also increase, potentially significantly, the cost to
18 them of the litigation, as their respective trial teams are required to stand down yet again and then
19 reactivate after what experience suggests might be a significant delay.

20 The District's motion to continue the trial date is denied.

21 IT IS SO ORDERED.

22 Dated: April 8, 2016

_____
JON S. TIGAR
United States District Judge