FILED
APR 29 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOLZHAUER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT,<br><br>　　　　Defendant.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 13-cv-02862-JST<br><br>**SPECIAL VERDICT FORM** |

We, the jury in the above entitled action, having unanimously agreed, find as follows:

1. Did the District or the ferry crew violate any of the Inland Rules of Navigation (also called the "Rules of the Road")?

    YES: ___   NO: _X_

If your answer to Question No. 1 was "YES," answer Question No. 2. If your answer was to Question No. 1 was "NO," skip Question No. 2 and answer Question No. 3.

2. Did the District establish that its violation of the Inland Rules of Navigation could not have been a cause of the collision?

    YES: ___   NO: ___

If your answer to Question 2 was "YES," answer Question No. 3. If your answer was "NO," skip Questions No. 3 and 4 and answer Question No. 5. (If you answered "YES" to Question No. 1 and "NO" to Question No. 2, please be sure to answer Questions No. 9 and 10.)

3. Was the District or the ferry crew otherwise negligent?

    YES: _X_   NO: ___

If your answer to Question No. 3 was "YES," answer Question No. 4. If your answer to Question No. 3 was "NO," skip Question No. 4 and answer Question No.5.

4. Was the District or ferry crew's negligence a substantial factor in causing the collision?

   YES: X   NO: ___

Please answer Question No. 5. (If you answered "YES" to Question No. 3 and "YES" to Question No. 4, please be sure to answer Questions No. 9 and 10.)

5. Did Holzhauer violate any of the Inland Rules of Navigation?

   YES: ___   NO: X

If your answer to Question No. 5 was "YES," answer Question No. 6. If your answer was to Question No. 5 was "NO," skip Question No. 6 and answer Question No. 7.

6. Did Holzhauer establish that his violation of the Inland Rules of Navigation could not have been a cause of the collision?

   YES: ___   NO: ___

If you answered "YES" to Question No. 6, answer Question No. 7. If you answered "NO," skip Questions No. 7 and 8 and answer Question No. 9. (If you answered "YES" to Question No. 5 and "NO" to Question No. 6, please be sure to answer Questions No. 9 and 10.)

7. Was Holzhauer otherwise negligent?

   YES: X   NO: ___

If your answer to Question No. 7 was "YES," answer Question No. 8. If your answer to Question No. 7 was "NO," skip Question No. 8 and answer Question No. 9.

8. Was Holzhauer's failure to exercise due care a substantial factor in causing the collision?

   YES: X   NO: ___

Please answer Questions No. 9 and 10.

/ / /

/ / /

/ / /

/ / /

2

9.  Assuming that 100% represents all the causes of the collision, what percentage is due to the fault of the District, if any, and what percentage is due to the fault of Harry Holzhauer, if any?

    THE DISTRICT:     30 %

    HOLZHAUER:        70 %

    TOTAL:            100%

10. Without reducing the figures based on the fault, if any, of Rhoades or Holzhauer:

    a. What are the total past Economic Damages proven by Plaintiff Rhoades:

    $ 1,466,555

    b. What are the total future Economic Damages proven by Plaintiff Rhoades:

    $ 763,004

    c. What are the total past and future Non-Economic Damages proven by Plaintiff Rhoades:

    $ 1,500,000

    d. What are the total past Economic Damages proven by Plaintiff Holzhauer:

    $ 233,224

    e. What are the total future Economic Damages proven by Plaintiff Holzhauer:

    $ 313,523

    f. What are the total past and future Non-Economic Damages proven by Plaintiff Holzhauer:

    Mary Holzhauer        $ 1,000,000

    Timothy Holzhauer     $ 0

    Jeffery Holzhauer     $ 0

DATED: 4/29/16                   _____
                                 Jury Foreperson