UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOLZHAUER, <br><br> Plaintiff, <br><br> v. <br><br> GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT, <br><br> Defendant. | Case No. 13-cv-02862-JST <br><br> **PARTIAL ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL** <br><br> Re: ECF No. 336 |

On October 21, 2016, Golden Gate Bridge Highway & Transportation District filed a motion for Judgment as a Matter of Law and/or a New Trial, which motion the Court now considers. ECF No. 336. The motion was based in part on the District's argument that the Court erred in denying the District's Motion *in Limine* to exclude a "Meeting or Telephone Summary," because, in the District's view, it was part of a United States Coast Guard investigation and thus prohibited at trial pursuant to 46 U.S.C. § 6308. Id. at 18-19. The Court admitted the Summary over the District's objection at trial. See ECF No. 297 at 12-15.

"A new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party." Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995) (quoting United States v. 99.66 Acres of Land, 970 F.2d 651, 658 (9th Cir. 1992)). The District's motion before trial, and again now, is based on 46 U.S.C. § 6308(a), which states as follows:

> Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

Id. The reason for the exclusion is that "[t]he investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting

safety of life and property at sea, and are not intended to fix civil or criminal responsibility." 46 C.F.R. § 4.07-1(b).

While the Court agrees that, for the sake of clarity, further discussion of § 6308 is warranted, the Court will not grant a new trial as there has been no erroneous evidentiary ruling substantially prejudicing the District. See Ruvalcaba, 64 F.3d at 1328. Defendants essentially concede that in order to succeed in their motion, the Court must adopt "a broad construction of § 6308" as the only sensible reading of the statute. ECF No. 339 at 7. "When addressing situations where litigants have attempted to introduce certain parts of a report that might seem to fall outside the statutory language, "[s]ome courts have read the statute expansively, and determined that any part of [the] report, regardless of whether it entailed 'findings of fact, opinions, recommendations, deliberations, or conclusions' is rendered inadmissible [by § 6308(a)]." Newill v. Campbell Transp. Co., Inc., No. 2:12-cv-1344, 2015 WL 222438, at *2 (W.D. Pa. Jan. 14, 2015) (citing cases). But "[o]ther courts have taken a more narrow view of the statute." Id. "At least one court, for example, has held that photographs taken by a Coast Guard investigator do not come within the ambit of § 6308," where the photographs did not "provide findings of fact, opinions, recommendations, deliberations, nor conclusions, instead, they merely illustrate[d] the condition of the objects depicted in the photos," and thus were not "the type of conclusory items which the statute seeks to exclude." Id.

In another case, a district court in the Southern District of Florida "held that § 6308(a) does not cover materials that the defendant, itself, produced to the Coast Guard as part of the Coast Guard's investigation." Id. (citing Guest v. Carnival Corp., 917 F. Supp. 2d 1242, 1243-47 (S.D. Fla. 2012)). The court there stated that "simply because . . . § 6308 is 'expansive' in its protections, this does not translate to a broad prohibition as to the discovery or admissibility of any and all documents or materials pertaining in any way to the Coast Guard's investigation.'" Id. (quoting Guest, 917 F. Supp. 2d at 1246).

Ultimately, the court in Newill was persuaded that "narrower interpretations of the statute [] represent the better view, and are instructive." Id. at *3. The summary at issue here reflects an interview held with Captain Shonk, not any "findings of fact, opinions, recommendations,

2

1 deliberations, or conclusions" of the Coast Guard.  The summary is not a report by the Coast

2 Guard.  Thus, under the "narrower" view of § 6308(a), the Court concludes that admission of the

3 summary was not in error.

4 The Court stands by its prior order.  A new trial is not required in this instance, and

5 Defendants' motion is accordingly denied.

6 IT IS SO ORDERED.

7 Dated:  February 17, 2017

8 _____
JON S. TIGAR
9 United States District Judge