UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY HOLZHAUER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT,<br><br>　　　　　　Defendant. | Case No.  13-cv-02862-JST<br><br>**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR NEW TRIAL**<br><br>Re: ECF No. 336 |

Now before the Court is Defendant Golden Gate Bridge Highway & Transportation District's Motion for Judgment as a Matter of Law and/or New Trial. ECF No. 336.  The Court will deny the motion.[1]

The District contends that the Plaintiffs did not introduce evidence of the standard of care pertaining to ferry operations, and thus the jury had no reliable basis from which to conclude that the District violated that standard of care.  The District claims that "the relevant industry was ferry operations on San Francisco Bay," and it complain that "none of the Plaintiffs' experts ever had any experience in ferry operations, none of them talked to ferry operators or otherwise researched what other ferry companies did, and none in fact even testified to what the standard of care *is* in the ferry industry."

Plaintiffs submitted the testimony of two expert witnesses, Captains Sweeney and Stoller, both of whom criticized Captain Shonk's operation of the San Francisco ferry, including his use of a cellphone while he was acting as his own lookout.  These witnesses were well-qualified in the

---

[1] The Court does not address the District's contention that the Court erred in admitting a Coast Guard "Meeting or Telephone Summary."  The Court rejected that contention in a prior order. ECF No. 350.

operation of ships similar to the San Francisco. That they had not operated a ferry might have been a matter for cross-examination, but it did not make the evidence incompetent. The District cites no case holding that the standard of care for ferries is different than for other ships, and the Court rejects the contention that Plaintiffs were required to introduce expert testimony on this allegedly separate standard of care. Plaintiffs' experts were qualified to opine on the standard of care that applied to Captain Shonk.

Moreover, it is doubtful that expert testimony was even required regarding Captain Shonk's use of a cell phone while he was operating the San Francisco. Cell phones are now so common, and the effect of their use on divided attention so well known, that expert testimony on the subject is not required. See Southard v. Belanger, 966 F. Supp. 2d 727, 733–34 (W.D. Ky. 2013). Surely defendants do not contend that it is less dangerous to operate a large passenger ferry than a car, or that a ferry operator's attention to his surroundings is less important than a driver's attention to the road.

Defendant's discussion of the testimony regarding any party's alleged violation of the Rules of the Road is irrelevant, because the jury found that no party violated the Rules of the Road.

In all other respects, the motion invites the Court to revisit its prior rulings, which the Court declines to do.

The motion is denied. The prevailing parties are directed to submit a proposed form of judgment to the Court within ten days.

IT IS SO ORDERED.

Dated: March 27, 2017

JON S. TIGAR
United States District Judge