UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARY HOLZHAUER, Plaintiff, v. GOLDEN GATE BRIDGE HIGHWAY & TRANSPORTATION DISTRICT, Defendant. | Case No. 13-cv-02862-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR STAY OF EXECUTION OF JUDGMENT AND APPROVAL OF PROPOSED SECURITY**<br><br>Re: ECF No. 373 |
|---|---|

Before the Court is Defendant's Motion for Stay of Execution of Judgment and Approval of Proposed Security. The Court will grant the Defendant's motion for stay but will deny its request to use its insurance policy in lieu of a bond and will set the bond in the amount prayed for by Appellees.

## I. BACKGROUND

On February 16, 2013, the ferry SAN FRANCISCO, operated by Defendant Golden Gate Bridge, Highway & Transportation District ("District"), collided with a speedboat on the San Francisco Bay. The collision killed the driver of the speedboat, Harry Holzhauer, and seriously injured his fellow passenger and owner of the boat, David Rhoades. Mr. Holzhauer's widow, Mary Holzhauer, filed a wrongful death action. See ECF No. 1. David Rhoades filed a maritime injury action. See ECF No. 30. Both asserted the District acted negligently.

Following a three week jury trial, the jury returned a special verdict that found Mr. Holzhauer was 70% at fault for the accident and the District was 30% at fault. ECF No. 261 at 3. The jury awarded Mr. Rhoades $3,729,559 in damages. Id. It awarded Mrs. Holzhauer $1,546,767 in damages. Id. The Court reduced her award by 70%, to $464,024.10, to reflect Mr. Holzhauer's contributory fault. ECF No. 355 at 1. The final judgment provided that both Mr.

Rhoades and Mrs. Holzhauer were entitled to post-judgment interest at the rate of 1.03% per annum plus costs. Id. at 1-2. Holzhauer's costs were taxed in the amount of $11,100.85. ECF No. 370. Rhoades' costs were taxed in the amount of $14,448.93. ECF No 371. The judgment also provided that the District and the Estate of Harry Holzhauer were jointly and severally liable for Rhoades' recovery, meaning that if the Estate lacked the assets to pay its portion of Rhoades' award, the District would be liable for all of it. ECF No. 355 at 2.

The District has filed three appeals.[1] ECF Nos. 280, 345, 356. It now moves to stay the execution of judgment pending the outcome of these appeals. ECF No. 373. To secure the stay, the District seeks to use its $15,000,000 excess insurance policy in lieu of a supersedeas bond. Id. If the Court denies this request, the District seeks approval of a supersedeas bond in the amount of $3,791,730.00. Id. Rhoades and Holzhauer ("Appellees") oppose the use of the insurance policy in lieu of a bond and contend the appropriate amount for the bond is $4,305,520.70. ECF No. 376 at 2.

## II.   LEGAL STANDARD

Federal Rule of Procedure 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). "District courts have inherent discretionary authority in setting supersedeas bonds," Rachel v. Banana Republic, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987), and may, if they deem it appropriate, "permit security other than a bond." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1367 (9th Cir. 1990). When evaluating whether such an alternative is warranted, a court should be cognizant of the purpose of the bond, which is to protect "appellees from a loss resulting from the stay of execution." Rachel, 831 F.2d at 1505 n.1. "If a court chooses to depart from the usual requirement of a full security supersedeas bond . . . it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." Popular Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

---

[1] Holzhauer has also filed two appeals. ECF Nos. 278, 363.

2

**III. ANALYSIS**

**A. Use of the District's Insurance Policy in lieu of a Supersedeas Bond**

The District requests that its $15,000,000 insurance policy with Starr Indemnity & Liability Company ("Starr") be used in lieu of a supersedeas bond. ECF No. 373 at 3. Because the District's insurance policy is "more than double Appellees' judgments against the District," the District contends a bond is "unnecessary" to ensure Appellees' recovery and the alternative is appropriate. Id. at 3, 6.

Appellees oppose the use of the insurance policy on the grounds that it does not adequately guarantee their recovery. ECF No. 376 at 3-4. The District cites only one case where a court permitted the use of an insurance policy in lieu of a supersedeas bond. Id. at 3. Appellees argue that in that case, Barachkov v. Davis, Nos. 04–CV–73957, 04–CV–73977, 2013 WL 2149104 (E.D. Mich. May 16, 2013), the defendant submitted an affidavit from its insurance company stating that it agreed "to pay the Judgment for Plaintiffs, if it is affirmed by the appellate courts." Id. at *9. The District's insurance company, Starr, has made no such promise here. Therefore, Appellees contend they cannot be assured that Starr will actually pay the judgment if the District does not prevail on appeal. ECF No. 376 at 4. Moreover, the District has only provided the declaration page of its insurance policy, so Appellees claim they cannot determine whether the policy is an indemnity policy, whether it would cover the total judgment, or what would happen if the District were to declare bankruptcy. Id. Therefore, Appellees assert, the Court should not permit the use of the policy. Id.

In its reply brief, the District reiterates its contention that the insurance policy "will pay any final judgment, in full, if the appeals are unsuccessful." ECF No. 377 at 3. In the unlikely event the District were to go bankrupt, the District contends that California Insurance Code section 11580(b)(1) would ensure Appellees' recovery. Id. That section provides that "bankruptcy of the insured will not release the insurer from the payment of damages for injury sustained . . . during the life of such policy." Cal. Ins. Code § 11580(b)(1). Moreover, were Starr to refuse to pay part or all of the judgments, the District contends that California Insurance Code section 11580(b)(2) would also ensure Appellees' recovery. ECF No. 377 at 3. That section provides that "whenever

judgment is secured against the insured . . . an action may be brought against the insurer . . . to recover on the judgment." Cal. Ins. Code. § 11580(b)(2). The District asserts that collectively, these provisions provide "the same guarantee" that Appellees can fully recover as the affidavit did in Barachkov. ECF No. 377 at 3.

The Court agrees with Appellees that the District has not shown the insurance policy adequately guarantees their recovery. The burden is on the District to demonstrate why the Court should permit an alternative to a supersedeas bond, see Popular Grove Planting and Refining Co., Inc., 600 F.2d at 1191, but the District cites only one case, Barachkov, where a court permitted the use of an insurance policy in lieu of a supersedeas bond. ECF No. 373 at 5. As Appellees explain, that case is readily distinguishable from the case at hand, largely because the insurance company in Barachkov explicitly promised to pay the full judgment if the defendant lost on appeal. The District's contention that the cited provisions of the California Insurance Code provide protection equivalent to such a promise is not persuasive. While those provisions may provide grounds for recovery during additional litigation against an insurance company, they do not provide the same level of assurance that a plaintiff can expeditiously recover its award upon the termination of an appeal as does an explicit promise from an insurance company to facilitate that recovery. Moreover, because the District has not submitted a full copy of its insurance policy, it is possible that the policy contains provisions that could limit Appellees' recovery. The District's blanket assertions that this is not the case do not sufficiently allay the Court's concerns. Accordingly, the Court finds the District has not shown the policy sufficiently guarantees Appellees' recovery.

The Court concludes the District must post a supersedeas bond to stay the judgment, and may not use its insurance policy in lieu of the bond.

### B. The Amount of the Supersedeas Bond

The District requests that if the Court does not permit the use of the insurance policy in lieu of a supersedeas bond, it should set the bond at the amount of $3,791,730. ECF No. 373 at 6. The District claims this is the appropriate amount because it covers the award it owes Holzhauer ($464,024,10), plus one year of post-judgment interest and costs, as well as the portion of the

award it owes Rhoades ($1,118,867.70), plus one year of post-judgment interest and costs. Id. Even in the event that Holzahuer lacks the assets to pay its portion of Rhoades' award and the District must pay all of it, the District contends the $3,791,730 bond amount is still sufficient: it covers Rhoades' full award ($3,729,559), Rhoades' costs ($14,448.93), and one year of post-judgment interest (set at 1.03%). Id. Although in such an event there would be insufficient funds to also cover Mrs. Holzhauer's $464,024.10 award, the District contends this award would be equitably offset because the District paid Mrs. Holzhauer's share of Rhoades' judgment. Id.

Appellees contend the District's proposed bond would not adequately guarantee their recovery. ECF No. 376 at 2. They claim that the District's full exposure, and therefore the appropriate amount for the supersedeas bond, is $4,305,520.70. Id. Appellees arrive at this amount by totaling Mr. Rhoades' recovery ($3,729,559), plus costs ($14,448.93) and two years of post-judgment interest ($76,828.92), as well as Mrs. Holzhauer's full recovery ($464,024.10), plus costs ($11,100.85) and two years of post-judgment interest ($9,558.90). ECF No. 376 at 2. Appellees contend the bond should include two years of interest because the average appeal takes two years. ECF No. 367 at 5. Appellees argue the bond should include the total recovery for both of Appellees' awards because in the event that Mr. Holzhauer's estate cannot pay any of Mr. Rhoades' recovery and the District must pay all of it, the District would still have to pay Mrs. Holzhauer's full award as well. ECF No. 376 at 5. There would be no equitable offsetting, Appellees claim, because the final judgment explicitly stated that "MARY HOLZHAUER, individually" should recover $464,024.10 and that "Cross-Defendant ESTATE OF HARRY HOLZHAUER" (i.e. not Mary Holzhauer, individually) was jointly and severally liable for Mr. Rhoades' recovery. Id. at 5-6. This judgment, Appellees contend, accurately reflects the rules of wrongful death actions, which provide that a claimant's damages do not become part of the decedent's estate. Id.

In their reply, the District characterizes Appellees' distinction between the Estate of Harry Holzhauer and Mrs. Holzhauer as "a new contention" that is part of an "effort to increase the bond amount." ECF No. 377 at 4. The District claims that Mrs. Holzhauer and the Estate of Harry Holzhauer have been treated as one party throughout this case and points to the Special Verdict

5

1  Form, which does not mention the Estate, as evidence of this. Id. The District indicates it may
2  seek to amend the judgment if the Court finds Mary Holzhauer individually is not liable for Mr.
3  Rhoades' award. Id.

4  The Court agrees with Appellees. The judgment was unambiguous: Mary Holzhauer
"individually" was to recover $464,024.10 and the "ESTATE OF HARRY HOLZHAUER" was to be jointly and severally liable for Rhoades' award. ECF No. 355 at 1-2. If the District believed this approach was somehow inconsistent with the Special Verdict Form, as it now contends, it should have objected to the final judgment when it had the opportunity. It did not. Moreover, distinguishing between Mrs. Holzhauer and her husband's estate is clearly consistent with the rules of wrongful death actions, which provide that a claimant's damages are not part of the decedent's estate. See Mayo v. White 178 Cal. App. 3d 1083, 1091 (1986) (holding that "a cause of action for wrongful death under Code of Civil Procedure section 377 clearly is not an asset of the estate of the decedent"); Wiener v. United Air Lines, 237 F. Supp. 90, 93 (S.D. Cal. 1964) (finding that "[u]nder the Wrongful Death Statute of California . . . the moneys recovered by a judgment in a wrongful death case do not become part of the estate"). Accordingly, Mrs. Holzhauer's award is not an asset of her husband's estate.

Because the Estate of Harry Holzhauer is liable for Rhoades' recovery, and not Mrs. Holzhauer, the District cannot offset Mrs. Holzhauer's award in the event the District pays more than its allocation of Rhoades' recovery. Therefore, the District's full exposure includes Rhoades' full award ($3,729,559) as well as Holzhauer's full award ($464,024.10). Pursuant to the judgment, the District's exposure also includes costs ($14,448.93 for Rhoades; $11,100.85 for Holzhauer) and post-judgment interest at 1.03% per annum. ECF No. 355. The Court agrees with Appellees that two years of post-judgment interest is reasonable here. See Pajaro Dunes Rental Agency, Inc. v. Pajaro Dunes Ass'n, No. C-97-2516 WHO, 2002 WL 202412, *5 (N.D. Cal. Feb 5, 2002) (concluding that "two years worth of postjudgment interest should be added to the amount of the supersedeas bond to allow an appropriate amount of time for the appeal"). Two years of post-judgment interest at 1.03% per annum equates to $76,828.92 for Rhoades' award and $9,558.90 for Holzhauer's award.

In total, the Court concludes the District's full exposure is $4,305,520.70. It sets the supersedeas bond at this amount.

**CONCLUSION**

The Court grants the motion to stay the execution of judgment pending the resolution of the District's appeals, but denies the District's request to use its insurance policy in lieu of a supersedeas bond. The Court sets the supersedeas bond at the amount of $4,305,520.70.

IT IS SO ORDERED.

Dated: August 7, 2017

_____
JON S. TIGAR
United States District Judge